[Crim. No. 14891. In Bank. May 26, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY DALE PARKS, Defendant and Appellant.

### COUNSEL

Lloyd H. Riley, under appointment by the Supreme Court, and Howard Renge, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws, Edward A. Hinz, Jr., and Carol Hunter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—Appellant Jerry Dale Parks was convicted by a jury of attempted murder (Pen. Code, § 187), assault with a deadly weapon (Pen. Code, § 245, subd. (a)), and assault with a deadly weapon upon a police officer (Pen. Code, § 245, subd. (b)) from which judgment he appeals. As in *People* v. *Rocha* (1971) 3 Cal.3d 893 [92 Cal.Rptr. 172, 479 P.2d 372], the principal question raised by this appeal is whether a violation of Penal Code section 245, subdivision (a) (assault with a deadly weapon) is a crime requiring proof of general or specific intent. In accordance with our decision in *Rocha* we hold that only a general criminal intent must be demonstrated for an assault with a deadly weapon and affirm the judgment in its entirety.

### Facts

On September 3, 1968, Sharon Finney spent the evening with her former husband, Kenneth Finney, and several friends at a local tavern. After an early morning breakfast she returned to the house in which she had been living with defendant. A short time later, Sharon left the house with her former husband who had persuaded her to go with him to his apartment to discuss a possible reconciliation. That same morning, after discovering that Sharon was missing, defendant went to Finney's apartment where he was informed that Sharon had decided to stay with her former spouse.

Defendant contacted Sharon later that morning at which time she agreed to meet with him and discuss their relationship. Defendant, who had been drinking heavily, picked up Sharon and drove to the outskirts of town. Throughout the ride he shouted loudly and irrationally and eventually displayed a revolver which he waved wildly around in the car. Sharon testified that "he started waving and [became] tense all over. . . . [H]e was yelling and then all of a sudden he screamed as loud as he could and the gun was pointed across my side of the car and he tensed all up and brought it around and it fired out his side of the window." Sharon testified that because defendant's eyes were closed and he did not look at her, she could not positively state that he was aiming the gun at her even though it was pointed in her direction. Obviously extremely intoxicated, defendant stopped the car, began to shake, lost control of himself and eventually passed out.

Sharon then hitchhiked back into town and informed the police of the incident. Several police officers proceeded to defendant's house to arrest him for assault with a deadly weapon. Officer Cunningham knocked loudly on the front door and advised defendant that he had a warrant for his

arrest. After knocking a second time and receiving no answer, Officer Cunningham went to the rear of the house and observed a male figure through an open window. Calling defendant by his name, Officer Cunningham again informed him that he was under arrest and warned him that the officers would forceably enter the house if he did not submit peacefully. Defendant responded, "You do and I'll blow your ass back out."

While attempting to enter the house by cutting the window screen, Officer Cunningham noticed defendant approach the window. Defendant pulled back the partially closed curtain and aimed a gun at Officer Cunningham who immediately withdrew from the window, removed his revolver from his holster, and fired toward the protruding weapon. Almost simultaneously the other gun discharged with the bullet hitting Officer Cunningham in the chest. Subsequently defendant's father arrived at the scene of the shooting and convinced him to surrender.

Defendant contends as follows: (1) that it was error not to instruct the jury that assault with a deadly weapon requires a specific intent to injure; (2) that it was error not to instruct the jury that voluntary intoxication may be a defense to assault with a deadly weapon and assault with a deadly weapon upon a police officer; (3) that statements of Sharon Finney were erroneously admitted into evidence; and (4) that there was insufficient evidence to sustain any of the verdicts.

### Jury Instructions

■ Defendant contends that the trial court erred in refusing to instruct the jury that a necessary element of assault with a deadly weapon is the specific intent to injure. Recently we held that only a general criminal intent, namely, the intent to attempt to commit a battery, must be demonstrated to establish assault with a deadly weapon. (*People* v. *Rocha, supra,* 3 Cal.3d 893, 899.) The instruction given by the trial court which is set forth in the margin clearly informed the jury of the elements of the offense.[1] There was no error in refusing defendant's request instruction.

---

[1] The instruction provides:

"An assault with a deadly weapon is an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another with a deadly weapon.

"Any object, instrument or weapon, when used in a manner capable of producing and likely to produce death or great bodily injury, is then a deadly weapon.

"To constitute an assault with a deadly weapon, actual injury need not be caused. The characteristic and necessary elements of the offense are the unlawful attempt, with criminal intent, to commit a violent injury upon the person of another, the use of a deadly weapon in that attempt, and the then present ability to accomplish the injury. If an injury is inflicted, that fact may be considered by the jury, in connection with all the evidence, in determining the means used, the manner in which the injury was inflicted, and the type of offense committed." (CALJIC (2d rev. ed. 1958) (No. 604).)

■ Defendant further urges that the trial court was required to instruct the jury to consider his state of intoxication in determining whether he had the necessary intent to violate Penal Code section 245, subdivisions (a) and (b). The requisite general intent for assault with a deadly weapon upon a police officer and any of the lesser assaults included therein may not be negated through a showing of voluntary intoxication. (*People* v. *Hood* (1969) 1 Cal.3d 444, 458 [82 Cal.Rptr. 618, 462 P.2d 370]; *People* v. *Seals* (1970) 1 Cal.3d 574 [82 Cal.Rptr. 873, 462 P.2d 993]; *People* v. *Rocha, supra,* 3 Cal.3d 893, 896-897.) An instruction that voluntary intoxication may rebut proof of the necessary intent was properly omitted.

### Statements by Sharon Finney

The day after Sharon's encounter with defendant her account of the incident was recorded by investigating police officers. When asked at trial about the substance of her conversation with defendant during their ride to the outskirts of town, Sharon could not recall what he had said. The prosecuting attorney over defense counsel's objection then attempted to refresh Sharon's memory by reading from the police report. Sharon remembered some of the statements attributed to her but could not recall all of those which were read before the jury. The statements in question, reported threats by defendant directed at her, were clearly prejudical to his case.[2]

The trial court did not instruct the members of the jury to disregard the statements which Sharon could not recall making. The district attorney's reference to them in his closing argument, although somewhat ambiguous, indicated that the jury was to consider the statements as substantive evidence.

■ A proper foundation for the introduction of the statements as past recollection recorded was not established because Sharon did not testify that they were true. (Evid. Code, § 1237.) Claiming lapse of memory, the witness made no new statements at trial which were inconsistent with her original remarks. (Evid. Code, § 1235.) It was not established that she was deliberately evasive or that her asserted lapse of memory was untrue. (See *People* v. *Green* (1971) 3 Cal.3d 981, 987 [92 Cal.Rptr. 494, 479 P.2d 998].) ■ Statements which have no independent basis of ad-

---

[2]Sharon remembered that during their automobile ride defendant had said, "I should kill you for leaving me"; "if I can't have you no one will"; and after telling her to start talking said, "make it good because if you don't you'll be sorry." She could not recall him saying that "if he had his gun he would have killed them both at the apartment" or that "if she did not say what he wanted her to say he was going to kill her."

missibility may not be introduced under the guise of refreshing a witness' memory. If it is necessary to refresh the memory of a witness through the use of a prior recorded statement, that statement should not be read aloud before the jury but should be given to the witness to read or be read by the attorney outside the presence of the jury.  ██  Although the district attorney should not have been permitted to read the statements aloud before the jury, the majority of those comments could have been introduced if the proper procedure had been followed. Furthermore since the statements she remembered plus defendant's conduct constitute substantial evidence from which the jury could infer an intent to commit a battery, the admission of the statements which she could not recall was harmless error. It is not probable that a result more favorable to defendant would have been reached if those declarations had been excluded. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

### Sufficiency of the Evidence

██  Defendant challenges the sufficiency of the evidence as to all counts. He contends that the evidence did not establish that he had the specific intent to murder Officer Cunningham, arguing that his capacity to form the intent was impaired by the consumption of drugs and alcohol. The question of defendant's ability to form the requisite intent was a factual issue which the jury determined adversely to him. Although he had consumed various intoxicants during the period prior to his shooting Officer Cunningham, we cannot say that there was no basis for the jury's decision.

Defendant argues that irrespective of the issue of diminished capacity there was insufficient evidence of an intent to murder. This contention is without merit. Defendant was informed of Officer Cunningham's presence and his intent to arrest him for assault. Upon being told that the police officers would force entry if he did not submit, defendant threatened the officers, drew a revolver and fired at Officer Cunningham, hitting him in the chest. This constitutes substantial evidence from which the jury could infer an intent to murder. As there is ample evidence supporting the attempted murder conviction there is necessarily sufficient evidence supporting the conviction for assault with a deadly weapon upon a police officer which arose out of the same act.[3]

██  Defendant further contends that he had no intention of committing a battery upon Sharon and that therefore he is not guilty of an assault. Defendant's waving the gun and shooting it out the window and his threats

---

[3]Defendant's sentence for assault with a deadly weapon upon a police officer is to be stayed in conformity with the trial court's instructions and Penal Code section 654.

upon the life of Sharon constitute substantial evidence from which the jury could infer that he had the intent to commit a battery and conclude that he had committed an assault with a deadly weapon. (*People* v. *Rocha, supra,* 3 Cal.3d 893, 901; *People* v. *McCoy* (1944) 25 Cal.2d 177, 194 [153 P.2d 315].)

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.