[Crim. No. 24587. June 23, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN MICHAEL SIKO, Defendant and Appellant.

COUNSEL

Richard C. Camino, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart, Gary R. Hahn and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KAUFMAN, J.—Penal Code section 654 proscribes double punishment for multiple violations of the Penal Code based on the "same act or omission." Decisions of this court have engrafted onto section 654 a judicial gloss interpreting "same act or omission" to include multiple violations committed in an "indivisible" or "single transaction." (See, e.g., *People* v. *Beamon* (1973) 8 Cal.3d 625, 636-639 [105 Cal.Rptr. 681, 504 P.2d 905].) In 1979 the Legislature enacted section 667.6 of the Penal Code[1] to increase the punishment for persons convicted of serious sex offenses in certain circumstances. This case raises the question whether by adopting subdivision (c) of that section [hereafter subdivision (c)] the Legislature intended to repeal the prohibition of section 654 against multiple punishment for multiple Penal Code violations based on "the same act or omission" insofar as the serious sex offenses enumerated in subdivision (c) are concerned. As we shall explain, this case does not present the question of whether or not the enactment of subdivision (c) was intended by the Legislature to abrogate or modify the judicially engrafted "indivisible" or "single transaction" rule.

FACTS

Shawnna, a nine-year-old child, was home alone one evening when defendant, a sixteen-year-old neighbor, knocked on the door. She let him in. After discussing money briefly, he told her to go in the bathroom and pull down her pants, but she refused. He put a handkerchief around her neck and twice twisted it until it was snug. It was not tight enough to hurt or choke her, but she did become dizzy and scream.

Defendant took Shawnna into the bedroom, put her on the bed, and took off her pants and panties. He took her into the bathroom, ordered her to bend over the bathtub, and put his penis "a little bit" into her anus. Next he

---

[1] All statutory references hereinafter are to the Penal Code.

placed her on her back on the floor and put his penis "a little bit" into her vagina. She screamed, and he hit her in the mouth. He put vaseline on her vagina, threw her clothes to her, warned her not to tell anyone what he had done, and left.

The district attorney filed a four-count information charging defendant as an adult with forcible lewd and lascivious conduct with a child under 14 involving substantial sexual conduct (§ 288, subd. (b); § 1203.066, subd. (a)(8)), forcible rape (§ 261, subd. (2)), forcible sodomy (§ 286, subd. (c)), and assault with force likely to produce great bodily injury (§ 245, subd. (a)(1)). The jury convicted him on all counts. The court sentenced him to a total of twenty-one years in state prison, imposing a three-year term for the assault and, pursuant to subdivision (c), consecutive full-term sentences of six years each for the three sexual offenses. On appeal defendant challenges only the sentence, arguing that it violates the section 654 ban on multiple punishment because the lewd and lascivious conduct conviction was based on nothing other than the forcible rape and sodomy.

## MULTIPLE PUNISHMENT

As we shall explain, the lewd conduct for which defendant was convicted consisted only of the rape and the sodomy. He thus committed two criminal acts, but was convicted of three violations: rape, sodomy, and lewd conduct with a child. ▮ Defendant concedes the propriety of the three *convictions,* but contends he should not be *punished* separately for all three convictions because he committed only two criminal acts. He is correct.

Since its origin in 1872, the Penal Code has prohibited multiple punishment for a single "act or omission." (§ 654.) ▮ Although our interpretation of that provision has varied somewhat over the years, we have consistently held that it bars imposing consecutive sentences for a single act or omission, even though the act or omission may violate more than one provision of the Penal Code. (*People* v. *Pearson* (1986) 42 Cal.3d 351, 359 [228 Cal.Rptr. 509, 721 P.2d 595].) Since 1962 we have interpreted section 654 to allow multiple convictions arising out of a single act or omission, but to bar multiple punishment for those convictions. (*Id.,* at pp. 359-361; *People* v. *McFarland* (1962) 58 Cal.2d 748, 762-763 [26 Cal.Rptr. 473, 376 P.2d 449]; *In re Wright* (1967) 65 Cal.2d 650, 652-655 [56 Cal.Rptr. 110, 422 P.2d 998].) Thus if a person rapes a 13-year-old, he can be convicted of both rape and lewd conduct with a child on the basis of that single act, but he cannot be punished for both offenses; execution of the sentence for one of the offenses must be stayed. (*Wright,* 65 Cal.2d at pp. 655-656, fn. 4.)

▮ The People concede that the foregoing is an accurate statement of the law as it existed in 1979. They contend, however, that the Legislature

effected a change in the law when it enacted subdivision (c).[2] By adopting that subdivision, the People argue, the Legislature impliedly repealed the prohibition in section 654 on multiple punishment for violations based on the "same act or omission" insofar as that prohibition might otherwise apply to the sex offenses listed in the subdivision. We cannot agree.

We start with the fact, which the People concede, that subdivision (c) nowhere expresses a legislative intent to repeal the prohibition of double punishment for violations based on the "same act or omission" found in section 654. ■ As a general rule of statutory construction, of course, repeal by implication is disfavored. (*In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980].) Such repeal is particularly disfavored when, as here, the statute allegedly repealed expresses a legal principle that has been a part of our penal jurisprudence for over a century. (*People v. Cardenas* (1982) 31 Cal.3d 897, 913-914 [184 Cal.Rptr. 165, 647 P.2d 569].)

■ The People point to the fact that subdivision (c) does not explicitly state that its provisions for consecutive sentencing are "subject to section 654," as subdivision (a) of section 1170.1, a related sentencing statute, does. This reliance on silence, however, is untenable. Had the Legislature intended to override the century-old ban of section 654 on multiple punishment of violations based on the "same act or omission," it would have made that purpose explicit. (*People v. Greer* (1947) 30 Cal.2d 589, 603 [184 P.2d 512].) The People's theory would lead to the remarkable conclusion that the Legislature creates exceptions to a specific code section merely by failing to mention it. The normal rules of statutory construction, however, dictate a contrary presumption: section 654, like any other statute, is presumed to govern every case to which it applies by its terms—unless some other statute creates an express exception. We have invoked section 654 to ban multiple punishment in many contexts, and we have never held that it applies only if the Legislature expressly makes the other statute subject to it. (See, e.g., *Greer,* 30 Cal.2d at p. 603 [lewd conduct and statutory rape]; *People v. Milan* (1973) 9 Cal.3d 185, 196-197 [107 Cal.Rptr. 68, 507 P.2d 956] [kidnapping to rob and robbery]; *People v. Parks* (1971) 4 Cal.3d 955, 961, fn. 3 [95 Cal.Rptr. 193, 485 P.2d 257] [attempted murder and assault with a deadly weapon]; *People v. McFarland, supra,* 58 Cal.2d 748, 760-763 [burglary and grand theft]; *People v. Tideman* (1962) 57 Cal.2d 574, 584-587 [21 Cal.Rptr. 207, 370 P.2d 1007] [abortion and murder]; *Neal v. State*

---

[2] Subdivision (c) reads in relevant part as follows: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person whether or not the crimes were committed during a single transaction."

*of California* (1960) 55 Cal.2d 11, 18-20 [9 Cal.Rptr. 607, 357 P.2d 839] [arson and attempted murder].)

Our review of the legislative history confirms our belief that the Legislature did not intend subdivision (c) to carve out an implied exception to section 654 by allowing a single act to be punished twice. The various amendments and committee reports reveal that many legislators believed the original draft was excessively harsh, but those items of legislative history give no indication that the subdivision could be interpreted in the fashion the People now urge. Much attention was directed in the committee reports on Senate Bill No. 13 to the provision requiring consecutive sentences for separate acts, but the legislative history is entirely silent on the concept of multiple punishments for a single act. In all the reports listing the ways the bill would change the law, the People are unable to cite a single instance in which a committee suggested that the "same act or omission" aspect of section 654 would be impliedly repealed or amended.[3] Had the Legislature contemplated the construction the People now advance, the reports surely would have at least mentioned that potentiality.

The People point out that subdivision (c) authorizes separate punishment "whether or not the crimes were committed during a single transaction." The People contend this language demonstrates a legislative intent to repeal section 654 in part. They argue, in essence, that because subdivision (c) authorizes multiple punishment even when the separate crimes constitute a "single transaction," it reflects an intent to change the rule of our case law that section 654 prohibits multiple punishment whenever the defendant's actions form a "single" or "indivisible transaction." On the facts of this case, however, the argument is irrelevant: here, the People do not seek to punish three acts once each; they seek to punish the same two acts twice. This violates section 654, but it does not implicate the "single" or "indivisible transaction" rule.

■ The People are incorrect in contending that the section 654 ban on multiple punishment was not violated here in any event because defendant committed one or more lewd acts other than the rape and sodomy. The People point to the facts that defendant put a handkerchief around the victim's neck and twice twisted it, and also took off her pants and panties, and argue that any of these acts would be a sufficient independent basis for the lewd-conduct conviction. The claim is untenable.

---

[3] There is one reference to section 654 in the reports, but it discusses whether subdivision (c) would violate the indivisible-transaction rule by punishing separately multiple acts that occur during one transaction. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 13 (1979-1980 Reg. Sess.) as amended Mar. 7, 1979, pp. 8-9.)

There is no showing that the lewd-conduct count was understood in this fashion at trial. Indeed, a review of the record demonstrates the contrary. In precise conformity with the information, the jury's lewd-conduct verdict included a specific finding that "in the commission of the [lewd conduct] [defendant] engage[d] in substantial sexual conduct, to wit, penetration of the vagina and rectum of the victim by the penis." Thus the charging instrument and the verdict both identify the lewd conduct as consisting of the rape and the sodomy rather than any other act. Nor did anything in the prosecutor's closing argument or in the court's instructions suggest any different emphasis.

### CONCLUSION AND DISPOSITION

Whatever the Legislature's intent may have been with respect to the "single" or "indivisible transaction" rule, it is clear to us it did not intend by its enactment of subdivision (c) to repeal or amend the prohibition of double punishment for multiple violations of the Penal Code based on the "same act or omission."

The judgment of the Court of Appeal is reversed with directions to order the sentence vacated and remand the cause to the trial court for resentencing.

Lucas, C. J., Mosk, J., Broussard, J., Arguelles, J., and Panelli, J., concurred.

**EAGLESON, J.**—I concur in the judgment. I do not, however, share the majority's degree of confidence that the Legislature, by enacting Penal Code section 667.6, subdivision (c),[1] could not possibly have intended to except sentences computed under subdivision (c) from the prohibition against double punishment for multiple violations of the Penal Code based on the "same act or omission."

The Court of Appeal concluded below that, in several respects, the express language of section 667.6, subdivision (c) lends support to the People's position that the Legislature did in fact intend subdivision (c) to authorize separate punishment for lewd and lascivious conduct and other forcible sex crimes—even where the latter offenses constitute the lewd and lascivious conduct charged in the case.[2] At the very least then, the statute is ambiguous on this point.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The Court of Appeal pointed out, inter alia: "Section 667.6, subdivision (c) may be applied 'in lieu of' section 1170.1 [fn. omitted]. Section 1170.1 is specifically limited by section 654; section 667.6, subdivision (c) is not. Even more telling, section 667.6, subdivision (c)

I therefore write separately to emphasize that the Legislature, should it elect to do so, remains clearly empowered to except section 667.6, subdivision (c), from the "same act or omission" limitation on multiple punishment of section 654.

The majority correctly notes that section 654 "expresses a legal principle that has been a part of our penal jurisprudence for over a century." (Maj. opn., *ante*, at p. 824.) But as the Court of Appeal aptly observed below: "Subject to constitutional restrictions, the Legislature may punish crimes in any manner it sees fit. (*People* v. *Dillon* (1983) 34 Cal.3d 441, 477 [194 Cal.Rptr. 390, 668 P.2d 697]; *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].) The rule against multiple punishment for a single act derives solely from section 654. (*People* v. *Tideman* (1962) 57 Cal.2d 574, 578, 585 [21 Cal.Rptr. 207, 370 P.2d 1007].) It is not the equivalent of the constitutional prohibition against punishment for included offenses or double jeopardy. (*People* v. *Greer* (1947) 30 Cal.2d 589, 601 [184 P.2d 512]; *People* v. *Kehoe* (1949) 33 Cal.2d 711,713 [204 P.2d 321]; and see *Gore* v. *United States* (1958) 357 U.S. 386, 392 [2 L.Ed.2d 1405, 1410, 78 S.Ct. 1280].) Thus, the Legislature is free to modify this rule if it so desires. (*People* v. *Greer, supra*, 30 Cal.2d at p. 603.) In fact, *Greer* specifically noted there was no *constitutional* impediment to punishing the defendant once for statutory rape and once for lewd and lascivious conduct for the same act. (30 Cal.2d at p. 603.)"

Similarly, the United States Supreme Court has squarely held that multiple punishments may be imposed *for a single act* notwithstanding the double jeopardy clause if that is the Legislature's clear intention. (See, e.g., *Missouri* v. *Hunter* (1983) 459 U.S. 359, 366-367 [74 L.Ed.2d 535, 542-543, 103 S.Ct. 673]; *Albernaz* v. *United States* (1981) 450 U.S. 333, 344 [67 L.Ed.2d 275, 284-285, 101 S.Ct. 1137].)

Fundamentally then, the Legislature is empowered to except the statutory scheme of section 667.6, subdivision (c) from the limitation on multiple punishment of section 654. Although unquestionably severe, such an exception would not be inconsistent with the Penal Code's harsh treatment of certain sex offenders. Section 667.6 was enacted as part of a legislative

---

provides 'a full, separate, and consecutive term may be imposed *for each violation* of [§§ 261, subd. (2)(forcible rape); 286, subd. (c)(sodomy with a person under 14 years of age or against the victim's will by means of force) and 288, subd. (b)(lewd and lascivious conduct with a minor under 14 years of age by use of force)].' (Italics added.) [¶] Recognition that the same act may violate more than one penal law is the very reason why section 654 was enacted. (See, *People* v. *Beamon* (1973) 8 Cal.3d 625, 636 [105 Cal.Rptr. 681, 504 P.2d 905].) Therefore, the Legislature's use of the word 'violation' in section 667.6, subdivision (c) instead of the word 'conviction,' which it used in section 1170.1, subdivision (a), is convincing evidence subdivision (c) applies irrespective of the limitation on punishment contained in section 654."

package which dealt with violent sexual offenses. (Stats. 1979, ch. 944, § 10, p. 3258.) We have recognized the obvious legislative intent behind section 667.6 as authorizing much harsher sentences than are authorized under section 1170.1 for the enumerated sex offenses; e.g., violent sex crimes against the very young. (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 343-344 [193 Cal.Rptr. 882, 667 P.2d 686].)

I agree with the conclusion of the Court of Appeal below that while imposition of multiple punishments is harsh, it is not per se unreasonable in the context of violent sex crimes against the very young. One who commits a violent sex act upon a young child exhibits an aggravated culpability deserving of a heightened level of punishment. From the standpoint of punishment in this case, the majority's rationale would appear to draw no distinction in the severity of sentence between forcible sex crimes committed against a nine-year-old child, as occurred here, and the same crimes committed against a person over the age of majority.

Given the much harsher sentences which can result under the alternative sentencing scheme of section 667.6, subdivision (c), it is particularly appropriate that the wording of its provisions be precise and clear. (See *People* v. *Greer, supra*, 30 Cal.2d at p. 603.) If the Legislature chooses to except aggregate sentences under section 667.6, subdivision (c), from the limitation on multiple punishment embodied in section 654, it can do so in plain, unambiguous language. An explicit reference in the subdivision exempting computation of sentences thereunder from application of section 654 would leave no room for ambiguity, and avoid the need for an overlay of judicial construction.

With these observations, I concur in the judgment.