Filed: 6/4/15  P. v. Wilbur CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B258503 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA104929) |
| v. | |
| SCOTT EDWARD WILBUR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Affirmed.

Laura R. Sheppard, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Timothy M. Weiner and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Scott Edward Wilbur, appeals from a judgment of conviction of deadly weapon assault in violation of Penal Code**[1]** section 245, subdivision (a)(1). Defendant admitted the truth of prior conviction and prison term allegations within the meaning of sections 667, subdivisions (a)(1) and (d), 1170.12, subdivision (b) and 667.5, subdivision (b) respectively. The trial court struck the allegation under sections 667, subdivision (d), and 1170.12, subdivision (b). Defendant was sentenced to seven years in state prison. We affirm the judgment.

# II. THE EVIDENCE

On March 4, 2014, defendant's roommate, Warren Steel, was expecting a visiting nurse, Lilit Mirakian. Mr. Steel asked defendant to "tidy up," to put on a shirt and look presentable. Mr. Steel also moved some of defendant's belongings from the dining room table. Defendant was "upset" and the two men argued. After Ms. Mirakian arrived, Mr. Steel and Ms. Mirakian sat at the dining room table. Defendant came to the dining room doorway and attempted to speak to Mr. Steel. Mr. Steel told defendant, "We'll talk after my nurse leaves." Ms. Mirakian testified that the two men sounded "a little bit" angry. Defendant left.

Several minutes later, defendant entered the dining room with a knife in his hand. He moved quickly. Defendant was holding the knife up, in front of his body, not at his side. Defendant was swinging the knife. He was moving it in an "X" fashion. Defendant pointed the blade at Mr. Steel. Mr. Steel testified concerning defendant, "He came after me with the knife." Mr. Steel pushed his chair back, jumped up and stepped back. Mr. Steel thereby moved away from defendant, who was upset. Mr. Steel testified he jumped up because, "I was scared for my life." Mr. Steel explained: "I had to get up.

---

**[1]** Further statutory references are to the Penal Code unless otherwise noted.

If I didn't, I would be cut. . . . He [was] running at me . . . ." Defendant came within two to four feet of Mr. Steel. Mr. Steel reached for something. Mr. Steel said: "I think I grabbed something. I was going to swing at him." Ms. Mirakian stepped between the two men. Defendant left the dining room.

## III. DISCUSSION

### A. Sufficiency of the Evidence

Defendant challenges the sufficiency of the evidence of a deadly weapon assault. Section 240 defines "assault," "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." The elements of assault with a deadly weapon are, "[T]he unlawful attempt, with criminal intent, to commit a violent injury upon the person of another, the use of a deadly weapon in that attempt, and the then present ability to accomplish the injury." (*People v. Rocha* (1971) 3 Cal.3d 893, 900, fn. 13; accord, *People v. Parks* (1971) 4 Cal.3d 955, 959 & fn. 1; *People v. Vidaurri* (1980) 103 Cal.App.3d 450, 462-463 & fn. 3.) The Courts of Appeal have held: "To prove a violation of . . . section 245, subdivision (a), the prosecution must establish that a person was assaulted and that the assault was committed by the use of a deadly weapon or instrument . . . . Assault with a deadly weapon is a general criminal intent crime (*People v. Parks,* [*supra*,] 4 Cal.3d [at p.] 959) and requires proof only of an *attempt* to commit a violent injury upon the person of another. It does not require proof that an injury occurred. (*People v. Herrera* (1970) 6 Cal.App.3d 846, 851.) The requisite intent for the commission of an assault with a deadly weapon is the intent to commit a battery. (*People v. Parks, supra,* 4 Cal.3d at p. 959.) Moreover, when an act inherently dangerous to others is committed with a conscious disregard of human life and safety, the intent to commit a battery is presumed. (*People v. Lathus* (1973) 35 Cal.App.3d 466, 470.)" (*In re Jose R.* (1982) 137 Cal.App.3d 269, 275; accord, *People v. Griggs* (1989) 216 Cal.App.3d 734, 739-740; see *People v. Aguilar* (1997) 16 Cal.4th 1023, 1036-1037.)

3

We apply the following standard of review: "[W]e must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. We review the entire record in the light most favorable to the judgment below to determine whether it discloses sufficient evidence—that is, evidence that is reasonable, credible, and of solid value—supporting the decision, and not whether the evidence proves guilt beyond a reasonable doubt. (*People v. Mincey* (1992) 2 Cal.4th 408, 432.) We neither reweigh the evidence nor reevaluate the credibility of witnesses. (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence. (*Ibid.*)" (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639; accord, *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1260.)

Defendant concedes he had the "present ability" to commit a violent injury. Defendant reasons, however: there was no evidence he ever attempted to touch or batter anybody with the knife; he did not move the knife but simply held it; and the knife was never within striking range of and no effort was made to strike Mr. Steel. Substantial evidence supported the jury's verdict. Viewed in the light most favorable to the judgment, defendant ran at Mr. Steel swinging a knife. He held the knife in front of his body. Defendant pointed the knife at Mr. Steel, moving it in an "X" fashion. Defendant came within two to four feet of Mr. Steel. Mr. Steel testified that if he had not gotten up and jumped back he would have been "cut." Defendant eventually ceased his advance. But this occurred only when Mr. Steel reached for something to swing at defendant and Ms. Mirakian stepped between the two men. This was substantial evidence defendant committed a deadly weapon assault.

B. New Trial

Defendant sought a new trial on grounds of jury misconduct. Defendant premised his motion on the jury's brief deliberations—lasting only 17 minutes. The trial court

4

denied the motion. Our review is for an abuse of discretion. (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1108; *People v. Lightsey* (2012) 54 Cal.4th 668, 729.) We find no abuse of discretion. This case involved only one count. The charged crime had few elements. Two eyewitnesses—Mr. Steel and Ms. Mirakian—corroborated each other. And the trial lasted less than three days. There was compelling uncontradicted evidence of defendant's guilt. Under these circumstances, the trial court did not abuse its discretion and defendant was not denied any rights under the state or federal Constitutions. (*People v. Weaver* (2001) 26 Cal.4th 876, 973-974; *People v. Williams* (1997) 16 Cal.4th 153, 229.)

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

KRIEGLER, J.

GOODMAN, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.