Filed 4/22/25  P. v. Chukwu CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. OBINNA CHUKWU, Defendant and Appellant. | B338085 Los Angeles County Super. Ct. No. BA516273 |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Garcia, Judge. Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

In February 2024, a jury convicted defendant and appellant Obinna Chukwu of assault with a deadly weapon and found true the allegation that he caused great bodily injury in the commission of the assault. (Pen. Code,[1] §§ 245, subd. (a)(1); 12022.7, subd. (a).)  The jury acquitted Chukwu of making criminal threats and mayhem. (§§ 422, subd. (a); 203.)  The trial court struck Chukwu's prior strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and denied a defense motion for Veteran's Diversion.  The trial court sentenced Chukwu to five years in state prison, consisting of a low term of two years on the assault, enhanced by three years under section 12022.7 for inflicting great bodily harm.  Chukwu timely appealed.  We appointed counsel to represent him.

On December 24, 2024, Chukwu's counsel filed a brief raising no issues on appeal and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  That same day, we sent Chukwu a letter informing him of his right to file within 30 days a supplemental brief raising any appellate issues he wished us to consider.  On January 24, 2025, Chukwu filed a supplemental brief raising numerous arguments.  As discussed in greater detail below, we reject those arguments.  In addition, we have independently reviewed the record, and we discern no arguable issues. (*Wende*, *supra*, 25 Cal.3d at p. 443.)  We therefore affirm the judgment.

---

1      All undesignated statutory references are to the Penal Code.

# FACTUAL BACKGROUND

We briefly provide the following description of the evidence adduced at trial. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion does not warrant extensive factual statement].) We construe the evidence, as we must on the substantial evidence review that forms the basis of several of Chukwu's arguments, in favor of the judgment. (*People v. Staten* (2000) 24 Cal.4th 434, 460 (*Staten*).)

Two eyewitnesses testified that Chukwu committed the assault – the assault victim, Moses Katakanya, and Erika Brumfield, a woman who was with Chukwu and Katakanya when the assault occurred.

Katakanya testified that he and Chukwu were at a Reggae concert together, then ended up at a banquet hall "after party" around 4:00 a.m. on October 12, 2022. Katakanya gave Chukwu money to buy drinks for their group, which included Brumfield. Chukwu bought the drinks, but did not give Katakanya his change, so Katakanya confronted him. Chukwu seemed agitated. The group stepped outside.

Five to fifteen minutes later, Chukwu approached Katakanya and again seemed agitated. Chukwu began cursing at Brumfield and another woman in the group. Katakanya told Chukwu to stop, and Chukwu attacked Katakanya. Chukwu punched Katakanya in the head, and Katakanya started bleeding from his eye. Katakanya fell to the floor, and Chukwu kicked him in the chest. When Katakanya tried to get up, Chukwu grabbed a glass bottle and hit Katakanya in the wrist with it. When Chukwu hit Katakanya with the bottle, Katakanya started bleeding very badly, then Chukwu left. The bottle cut Katakanya

very deep, through his muscle.  Katakanya did not provoke the attack with any verbal or physical threats.

The cut was so severe that Katakanya had to have two surgeries.  At the time of trial, Katakanya still had a scar on his face, as well as a scar on his arm.  Katakanya was a software engineer, so his job required lots of typing, and due to the injuries he sustained during the assault, he has been unable to type because it causes him pain and swelling.  At the time of the assault, Katakanya was in his 50's, Chukwu was decades younger, and Chukwu was much larger than Katakanya.

Brumfield witnessed the assault and corroborated Katakanya's account of what happened – that Chukwu, without being provoked, assaulted and badly hurt Katakanya.  Brumfield added that the glass bottle Chukwu hit Katakanya with was a champagne bottle.

## DISCUSSION

Chukwu raises 18 arguments in his supplemental brief, many of them undeveloped.  We will address these arguments in turn.

### I. Applicable Legal Principles

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument

4

including citations to supporting authorities and to relevant portions of the record. [Citations.]'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619-620 (*Kilrain*).) "Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)" (*Kilrain, supra*, at p. 620.)

"'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.'" (*Kilrain, supra*, 96 Cal.App.5th at p. 620.) "Consequently, '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]. [Citation.]'" (*Ibid.*) "These rules apply both to parties represented by counsel and self-represented parties." (*Ibid.*)

## II.    Chukwu Has Failed To Show Reversible Error

### A. Chukwu has not demonstrated that any fair hearing or Fourteenth Amendment violations occurred

In his first argument, Chukwu asserts, in general terms, that the trial court failed to give him a fair hearing, violated his Fourteenth Amendment rights, and imposed an illegal sentence. He also contends his trial included fabricated testimony, inconsistent statements, and prosecutorial misconduct. We have thoroughly reviewed the record. We discern none of the legal violations Chukwu alleges. His trial was exceedingly fair, and

indeed, many legal rulings went in his favor.[2]  He was sentenced lawfully, and perhaps leniently, as the trial court exercised its discretion to strike his prior strike conviction.  The record contains no evidence of prosecutorial misconduct.

As for Chukwu's allegation of fabricated testimony, nothing in the record indicates that victim Katakanya and eyewitness Brumfield did anything other than testify in good faith, to the best of their abilities.  It was within the jury's province to credit Katakanya and Brumfield's testimony as accurate.  This court may not, on appeal, make witness credibility determinations that run contrary to the jury's findings. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 (*Ochoa*) [in conducting substantial evidence review, we do not substitute our own evaluation of witness credibility for that of the fact finder]; see *People v. Vasco* (2005) 131 Cal.App.4th 137, 161 ["Because we must draw all inferences in support of the judgment, [a] defendant 'bears an enormous burden' when challenging the sufficiency of the evidence"].) We therefore reject Chukwu's arguments.

## B. The conviction was supported by substantial evidence

Although this court is having difficulty understanding Chukwu's second argument, he appears to suggest that his conviction is unsupported by substantial evidence.  We disagree.

In reviewing a judgment for sufficiency of the evidence, a court must review the record in the light most favorable to the judgment to determine if there is substantial evidence from which any rational trier of fact could find each element of the

---

2      We commend the trial court's management of Chukwu's trial.

6

crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *Staten*, *supra*, 24 Cal.4th at p. 460.)

As discussed above, it was not unreasonable for the jury to believe the testimony of Katakanya and Brumfield, and thus conclude Chukwu was guilty of assaulting Katakanya. (See *Ochoa*, *supra*, 6 Cal.4th at p. 1206 [appellate courts must defer to jury's credibility determinations when conducting substantial evidence review].) It likewise was not unreasonable for the jury to conclude the champagne bottle Chukwu assaulted Katakanya with was a deadly weapon. (*People v. Parks* (1971) 4 Cal.3d 955, 959, fn. 1 ["'[a]ny object, instrument or weapon, when used in a manner capable of producing and likely to produce death or great bodily injury, is then a deadly weapon'"]; *People v. Cordero* (1949) 92 Cal.App.2d 196, 199 ["a beer bottle, which used as a club or a missile, constitutes a deadly weapon"].) Nor was it unreasonable for the jury to conclude that Katakanya's injuries, which were extensive, led to significant bleeding, two surgeries, and created long lasting pain which hampered his ability to perform his occupation, constituted great bodily injury within the meaning of section 12022.7. (*Id.*, subd. (f)(1) ["As used in this section, 'great bodily injury' means a significant or substantial physical injury"]; *People v. Cross* (2008) 45 Cal.4th 58, 64 ["determining whether a victim has suffered physical harm amounting to great bodily injury is not a question of law for the court but a factual inquiry to be resolved by the jury"]; *id.* at p. 66 ["Proof that a victim's bodily injury is 'great'—that is, significant or substantial within the meaning of section 12022.7—is commonly established by evidence of the severity of the victim's physical injury, the resulting pain, or the medical care required to treat or repair the injury"]; *People v. Washington* (2012) 210 Cal.App.4th 1042, 1047

["[S]ome physical pain or damage, such as lacerations, bruises, or abrasions is sufficient . . . ."].)  In other words, the judgment is supported by substantial evidence.

### C. Chukwu has shown no evidence of prosecutorial misconduct

In his third argument, Chukwu again contends the prosecution engaged in unlawful misconduct.  We have thoroughly reviewed the record and discern no indication of prosecutorial misconduct.

### D. Chukwu has not demonstrated a violation of his Fourth, Fifth, Sixth, Eighth, or Fourteenth amendment rights

In his fourth argument, Chukwu contends his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated.  We reject these contentions because they are not adequately supported by citation to legal authority or the appellate record.  (*Kilrain*, *supra*, 96 Cal.App.5th at p. 620.)  Moreover, we have thoroughly reviewed the record, and we discern no constitutional violations or any other legal errors.  Indeed, Chukwu's trial was conducted in an exceedingly fair manner.

### E. Chukwu's general reference to PTSD is not supported by legal argument

In his fifth argument, Chukwu asserts that he was diagnosed with Post Traumatic Stress Disorder (PTSD) before committing the assault.  He raises no legal argument surrounding his assertion.  Because he raises no argument adequately supported by law or fact, we deem his fifth contention forfeited.  (*Kilrain*, *supra*, 96 Cal.App.5th at p. 620.)

8

**F. The trial court did not abuse its discretion in imposing the enhancement for great bodily injury**

In his sixth argument, Chukwu contends his great bodily injury enhancement should be stricken because he has PTSD from his military service. It was not an abuse of discretion for the trial court to impose the enhancement. As discussed above, the severity of Katakanya's injury reasonably supported the jury's finding that Chukwu inflicted great bodily injury. It was not arbitrary or irrational for the trial court to impose the enhancement given the severity of Katakanya's injuries. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 [trial court's sentencing decisions are reviewed on appeal for abuse of discretion, and will not be overturned unless the defendant clearly shows the sentencing decision was irrational or arbitrary].) We therefore conclude the sentence imposed was not an abuse of discretion.

**G. Chukwu has not shown that his counsel was prejudicially ineffective due to a failure to request pretrial mental health diversion**

Chukwu next asserts his counsel was prejudicially ineffective in not requesting pretrial diversion based on his PTSD. There is no indication in the record that Chukwu would have agreed prior to trial to comply with treatment as a condition of diversion. (See § 1001.36, subd. (c)(3).) On this record, Chukwu cannot, therefore, satisfy his burden of establishing that trial counsel was prejudicially ineffective by not requesting pretrial diversion. It is entirely possible that defense counsel had some tactical reason for not requesting pretrial diversion; that

9

defense counsel did not request diversion because Chukwu made clear he would not comply with treatment; or that counsel believed requesting pretrial diversion was futile for some other practical reason. In other words, Chukwu cannot meet his burden of establishing his trial counsel's performance was prejudicially deficient. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687 [to establish ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient, and that he was prejudiced by counsel's deficient performance].)

### H. Chukwu has not shown that his counsel was prejudicially ineffective due to a failure to request pretrial veterans' diversion

In his eighth argument, Chukwu suggests his counsel was prejudicially ineffective by not requesting pretrial diversion on the basis that Chukwu was a military veteran with PTSD. (See § 1001.80.) We reiterate the above analysis relating to Chukwu's argument concerning non-military mental health diversion. On this record, it is unclear whether defense counsel had a tactical reason for not requesting veteran's pretrial diversion. Accordingly, Chukwu cannot meet his burden of demonstrating ineffective assistance of counsel.

### I. The trial court did not err in denying Chukwu's motion to dismiss

In his ninth argument, Chukwu argues the trial court erred in denying his motion to dismiss the charges based on insufficiency of the evidence. He contends Katakanya was not credible in his testimony. As explained above, however, in reviewing the sufficiency of the evidence, this court does not reweigh the jury's credibility determinations. (*Ochoa, supra*, 6

10

Cal.4th at p. 1206.)  We therefore reject his argument that the jury verdict is unsupported by substantial evidence.

### J. The letter from the victim does not require reversal

As a tenth argument, Chukwu notes that the victim wrote a letter to the court indicating he did not wish Chukwu to serve additional prison time for the assault.  Katakanya's letter does not change the fact that the sentence the trial court imposed was a rational exercise of its sentencing discretion given the circumstances of the case.  In other words, despite Katakanya's letter, we conclude the sentence was not an abuse of discretion.

### K. Chukwu has not shown that his counsel was prejudicially ineffective due to a failure to raise a voluntary intoxication defense

Chukwu argues in his eleventh argument that his counsel was prejudicially ineffective because voluntary intoxication can be a defense to assault with a deadly weapon.  We reject this contention on the basis that voluntary intoxication is no defense to the crime of assault with a deadly weapon.  (*People v. Finney* (1980) 110 Cal.App.3d 705, 712.)

### L. Chukwu's other arguments regarding his mental health condition fail

Chukwu's twelfth argument is that his trial counsel was ineffective by not allowing him to present a link between his mental health issues and the assault.  To the extent this argument relates to mental health diversion, for the reasons discussed above, we reject it.  To the extent the argument relates to other aspects of trial, we deem it forfeited as it has not been

raised in a manner adequately supported by law or citation to the record. (*Kilrain, supra,* 96 Cal.App.5th at p. 620.)

### M. Chukwu has not shown that his counsel was prejudicially ineffective due to a failure to raise an insanity defense

In his thirteenth argument, Chukwu claims his counsel was ineffective by not preparing an insanity defense. Again, as with several of Chukwu's other arguments, this argument is forfeited because it is not adequately supported by citation to legal authority or the appellate record. (*Kilrain, supra,* 96 Cal.App.5th at p. 620.) Nor does the record demonstrate that Chukwu can meet his burden of demonstrating prejudicial error.

### N. Chukwu has not demonstrated that the trial court failed to take mitigating circumstances into account in sentencing

Chukwu's fourteenth argument is that the trial court failed to consider his status as a military veteran with PTSD as a mitigating sentencing circumstance. The record shows, however, that the court was well aware Chukwu was a military veteran with PTSD. We therefore reject the contention that the court did not consider those aspects of this case in pronouncing judgment.

### O. Chukwu has not shown that the trial court erred at sentencing

Chukwu, in his fifteenth argument, contends the trial court erred at sentencing because there was a lack of evidence that he posed a danger to society. As discussed previously in this opinion, the sentence the trial court imposed was not arbitrary or irrational given the circumstances of the case.

## P. Chukwu has not shown any error in the jury instructions

Contrary to Chukwu's assertion in his sixteenth argument, the jury instructions given were adequate. Additionally, Chukwu has forfeited his argument by not supporting it with citation to legal authority or the appellate record. (*Kilrain*, *supra*, 96 Cal.App.5th at p. 620.)

## Q. The GBI enhancement was supported by substantial evidence

Chukwu's contends in his seventeenth argument that the trial court's imposition of a sentencing enhancement for great bodily injury was not supported by substantial evidence. We disagree. As discussed above, the great bodily injury enhancement is supported by substantial evidence. Notably, Katakanya's injury was severe, required two surgeries, and led to him being unable to type, disrupting his career as a software engineer.

## R. Chukwu's eighteenth argument is not discernible

We deem Chukwu's final argument forfeited as we are unable to discern its meaning. (See *Kilrain*, *supra*, 96 Cal.App.5th at p. 620.)

## III. We Do Not Discern Reversible Error Based On An Independent Review

As noted above, in addition to rejecting Chukwu's arguments, we have independently reviewed the record and we have found no arguable issues. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

13

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

DAUM, J.*

We concur:

COLLINS, Acting P.J.

MORI, J.

---

* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

14