[Crim. No. 1522.  Third Appellate District.—October 19, 1936.]

THE PEOPLE, Respondent, v. H. L. PRYOR, Appellant.

Leo A. Sullivan and A. G. Thompson for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment of conviction of negligent homicide as provided by section 500 of the Vehicle Code of California.

It is contended section 500 of the Vehicle Code is an unlawful delegation of legislative authority authorizing the trial judge to transform a declared felony into a mere misdemeanor contrary to section 17 of the Penal Code by fixing a penalty for a felony by imprisonment in a county jail; that the information is fatally defective in alleging that the defendant was guilty of "wilfully" driving his automobile in such a negligent manner as to cause the death of other individuals, as distinguished from mere negligent operation of the machine; that there is a fatal variance between the allegations of the information and the proof of guilt since there is a total absence of evidence of wilfulness on the part of the defendant, and that the judgment is not supported by the evidence.

The cause was heard by the court sitting without a jury. The trial by jury was specifically waived by both parties. On the night of February 23, 1936, the defendant was driving his eight-cylinder Pontiac touring sedan from Oakland to Fresno. He was accompanied by a lady who occupied the front seat by his side. Mr. and Mrs. Foote were in the rear seat of the machine. En route the members of the party drank some liquor at Oakland, Tracy and Merced prior to the accident. They stopped at Merced for dinner and drank some liquor there, although there is no evidence that the defendant was intoxicated. During the journey it rained very hard. It was, however, not raining just at the time of the accident. They left Merced for Fresno about 7:30 o'clock P. M. It was dark and rainy. Their lamps were lighted. The machine was in good mechanical condition. At the point where the accident occurred the highway was straight and level. It was a 20-foot paved roadway with shoulders on either side. The pavement was wet. The valley was flooded with water. The ditches on either side of the road were filled with water almost level with the top of the concrete. Prior to the time of the accident the flood water extended over the concrete pavement immediately south of the place where the accident occurred. A flagman had been placed in charge of that dangerous locality. At about 8 o'clock the flagman stopped two southbound trucks and a touring car just north of the flooded portion of the highway. They were parked on their proper side of the highway with the outer wheels on the shoulder thereof.

They were unable to drive entirely off the concrete on account of the flooded condition of the adjacent ditches. A truck occupied the most northerly position of these parked machines. Its red tail-lights were burning, as were also its side clearance lights. There is some evidence to the effect that its headlights were also burning. At some distance from the rear of this truck the flagman had placed on either side of the concrete pavement red lanterns suspended from stakes. He also placed a burning flame pot in the center of the highway near the red lanterns. The flagman was stationed about 20 feet from the rear end of the truck with a lighted red lantern in his hand. Under such conditions, he observed the defendant's car a quarter of a mile away approaching from the north at a high rate of speed. He testified that the car was running at the rate of 50 or 60 miles an hour. He immediately began waving his red lantern, and continued to do so until the defendant's car came dangerously near to him. Seeing that the driver apparently paid no attention to his stop signals, the flagman jumped out of the way. When the approaching car reached a point 75 or 80 feet from the truck, the brakes were applied, but the defendant was unable to stop. His machine crashed into the rear end of the truck and both Mr. and Mrs. Foote were instantly killed.

The cause was tried before the court sitting without a jury. The court found the defendant guilty of negligent homicide under the provisions of section 500 of the Vehicle Code of California, and sentenced him to imprisonment in the county jail for the period of six months. From that judgment the defendant has appealed.

The information which charges that the defendant "did wilfully and unlawfully drive a motor vehicle in a negligent manner, which said driving was the proximate result of the death of C. K. Foote and Jane Doe Foote, human beings", is not fatally defective for uncertainty or because it also charged that the act which caused the death of other individuals was "wilfully" performed. The information specifically charges the commission of a felony, to wit, "violation of section 500 of the Vehicle Code, negligent homicide". It is immaterial and harmless that it may be deemed to have also charged facts which might constitute another offense, to wit, manslaughter. The defendant

neither demurred to the information, nor moved to arrest the judgment. There is a clear distinction between a wilful act which results in injury or death and the performance of a mere negligent act. (*Candini* v. *Hiatt*, 9 Cal. App. (2d) 679, 683 [50 Pac. (2d) 843].) A wilful act is one which is intentionally performed, while a negligent act may be merely carelessly done from a lack of ordinary prudence. The offense of negligent homicide defined by section 500 of the Vehicle Code does not depend on the presence of the element of wilfulness or intention to violate the law. The offense may be complete without any such purpose or intent. It was therefore unnecessary to allege that the acts were performed wilfully. The use of that word in the information is surplusage and unnecessary. But it was harmless. The defendant was not prejudiced thereby and he may not complain of the use of that word in the information for the first time on appeal. We believe the defendant could not be misled by the use of that word regarding the offense with which he was charged. But if it be deemed that the information was uncertain on that account, that defect was waived by failure to demur to the information or to move in arrest of judgment, for the reason that the information does state a public offense. (*People* v. *Stone,* 199 Cal. 610, 624 [250 Pac. 659] ; 8 Cal. Jur. 499, sec. 515.)

There is no fatal variance between the allegations of the information and the proof which was adduced at the trial. The defendant was clearly charged with the offense of negligent homicide as defined in section 500 of the Vehicle Code. There was no attempt at the trial to prove that he was also guilty of the ordinary crime of manslaughter, or that he wilfully operated the automobile contrary to law. No objection to the evidence was made at the trial on the ground of variance. The case was tried on the theory that the defendant was merely charged with negligent homicide as provided by section 500 of the Vehicle Code and that he was not being tried for manslaughter. He was certainly not prejudiced by the mere use in the information of the word "wilfully". An objection to evidence on the ground of variance may ordinarily not be made for the first time on appeal. It is waived by failure to raise that objection at the trial. (*People* v. *Fuski,* 49 Cal. App. 4 [192 Pac. 552] ; *People* v. *Woods,* 190 Cal. 513 [213 Pac. 951] ; 8 Cal.

Jur. 500, sec. 515.) In 8 California Jurisprudence last cited it is said in that regard:

"An objection to variance between the pleading and proof cannot be made for the first time upon appeal. And when the case is tried on the theory that certain issues are covered by the indictment it is too late to make the point upon appeal, where it does not appear that prejudice resulted to the defendant from any imperfections in the indictment."

■ There is no merit in the contention that the judgment is not supported by the evidence. The court was amply warranted in finding that the defendant was guilty of negligence proximately causing the death of Mr. and Mrs. Foote from the fact that he drove his machine 50 or 60 miles an hour on a rainy night over wet, slippery pavement with such inattention to the highway that he failed to see the numerous signals which were displayed.

■ Section 500 of the Vehicle Code does not unlawfully delegate legislative authority to the trial judge to transform a felony into a misdemeanor, merely because it grants a discretion to punish the offense by imprisonment in either the state prison or the county jail. Various statutory provisions recognize that very discretion. Section 17 of the Penal Code, upon which the appellant relies, contemplates the authority and the exercise of that discretion. It provides, in part:

" . . . When a crime punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

■ Nor does the imposing of a county jail sentence. change the nature of the offense of which he is convicted. It is true, section 500 of the Vehicle Code characterizes the offense as a felony. And it is a felony. The law merely assumes that if, in the discretion of the trial judge the accused is sentenced to the county jail, for all purposes *thereafter*, it shall be deemed to constitute a mere misdemeanor. (Sec. 17, Pen. Code; *Doble* v. *Superior Court*, 197 Cal. 556, 575 [241 Pac. 852]; *In re Miller*, 218 Cal. 698 [24 Pac. (2d) 766]; *People* v. *Mitchell*, 109 Cal. App. 116 [292 Pac. 692].) Having been convicted of a felony, the defend-

ant may not complain that the trial judge is granted by law and exercises the discretion of imposing only a county jail sentence, or that the offense shall thereafter be deemed to be a mere misdemeanor. One of the effects of that section which is favorable to the defendant is that under such circumstances he may not thereafter be charged with a prior conviction of a felony. Section 500 of the Vehicle Code is not inconsistent or void on that account.

The judgment and the order are affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 2, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1936.