[No. A087919. First Dist., Div. Five. Nov. 27, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
GONZALO CACHOLA CAMARILLO, Defendant and Appellant.

**COUNSEL**

Joseph Baxter for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and John R. Vance, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEVENS, J.**—We hold that when a court acts under Penal Code section 17 to specify that a conviction for driving under the influence of alcohol shall be treated as a misdemeanor "for all purposes," that offense may not afterwards be pled as a prior felony conviction under the terms of former Vehicle Code section 23175.5, now Vehicle Code section 23550.5 (Stats. 1998, ch. 118, § 84), even though the offense may have been originally punished as a felony. We therefore must reverse appellant's present felony conviction and remand for the entry of a misdemeanor conviction of Vehicle Code section 23152.

I. FACTS AND PROCEDURAL HISTORY

The relevant facts are not disputed, and may be briefly stated.

Appellant Gonzalo Cachola Camarillo was convicted in May 1991 of the crime of driving a motor vehicle while having blood-alcohol of .08 percent or higher and causing injury, in violation of Vehicle Code section 23153, subdivision (b).[1] The court suspended the imposition of sentence and placed appellant on probation for a period of five years. Among other terms of his probation, appellant was ordered to serve 364 days in jail and obey all laws.

In 1994, after appellant had successfully complied with the terms of his probation for three years, the trial court (Judge Walker) acted favorably on appellant's application for designation of the offense as a misdemeanor under Penal Code section 17, subdivision (b)(3), ruling that the 1991 conviction shall be a misdemeanor "for all purposes."[2]

Four years later, in 1998, appellant drove his vehicle while intoxicated, sideswiped a parked car, and was arrested for driving under the influence.

---

[1] Unless otherwise indicated, all further section references are to the Vehicle Code.

[2] Penal Code section 17, subdivision (b) provides in pertinent part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without

He was then charged with violating section 23152, and it was further alleged that the current 1998 offense was a felony under former section 23175.5 (former § 23175.5, added by Stats. 1997, ch. 901, § 6, repealed by Stats. 1998, ch. 118, § 41.5), as a result of appellant's 1991 prior conviction.[3]

Appellant brought a motion to set aside the information under Penal Code section 995, contending the trial court's 1994 declaration that his 1991 conviction of section 23153, subdivision (b), was a misdemeanor "for all purposes" prevented use of that offense as a prior felony conviction under former section 23175.5. His motion was denied.

After waiving his right to jury trial, appellant was found guilty of violating section 23152. The court also found true the allegation that appellant had suffered a felony conviction of section 23153, subdivision (b) on or about May 14, 1991, for purposes of former section 23175.5, which elevated the present offense to a felony. Appellant was admitted to felony probation, on the condition that he serve one year in county jail.

## II. DISCUSSION

The narrow issue of first impression presented is whether a driving under the influence conviction, originally punished as a felony, but later declared to be a misdemeanor "for all purposes" under Penal Code section 17, may still be charged as a prior felony conviction under former section 23175.5. This is a pure issue of law applied to undisputed facts, as to which we must exercise de novo review. (See *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799-800 [35 Cal.Rptr.2d 418, 883 P.2d 960].) We hold that appellant's 1991 conviction of section 23153, subdivision (b) could not be charged as a prior felony conviction, after it had been declared to be a misdemeanor "for all purposes."

We first summarize the positions of the parties in this matter, in order to clarify the legal issues that are and are not in dispute. Appellant contends that once the trial court designated his 1991 conviction as a misdemeanor conviction, it became a misdemeanor "for all purposes" under Penal Code section 17, and this misdemeanor conviction could not be used thereafter as a prior felony conviction under former section 23175.5 to elevate the current

imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

[3]Former section 23175.5, since reenacted as section 23550.5, provides, in pertinent part: "A person is guilty of a public offense, punishable by imprisonment in the state prison or in a county jail . . . if that person is convicted of a violation of Section 23152 or 23153, and the offense occurred within 10 years of any of the following: [¶] . . . [¶] (2) A prior violation of Section 23153 *that was punished as a felony*." (Italics added.)

offense to felony status. The Attorney General concedes appellant would be correct if former section 23175.5 explicitly stated that only a prior felony "conviction" could elevate the current offense to a felony. However, the Attorney General notes that the Legislature did not actually use the term "conviction" in former section 23175.5, and instead used the somewhat unusual phrase "prior violation . . . that was punished as a felony" to specify the type of prior offense which triggers the provision. The Attorney General points out that the 1991 offense was *originally* punished as a felony when appellant was placed on felony probation, even though the 1991 conviction was later reduced to a misdemeanor. The Attorney General suggests the Legislature used the statutory phrase "prior violation . . . that was punished as a felony" to signal that the status of the conviction itself as a felony or misdemeanor is not determinative, and that any offense originally punished as a felony, such as appellant's 1991 offense, a "wobbler," which could be punished either as a felony or misdemeanor, would still qualify.

As will be seen, we must disagree with the Attorney General's argument, because the language and legislative history of former section 23175.5 provide no support for his suggestion that the statutory phrase "prior violation . . . that was punished as a felony" specifies anything other than a felony conviction.

As a preliminary matter, we do not quarrel with the Attorney General's position that the 1991 prior conviction was *originally* "punished as a felony" under former section 23175.5. Clearly, appellant was initially admitted to felony probation. However, after appellant had satisfactorily completed three years on probation, the trial court declared that the 1991 offense was a misdemeanor "for all purposes" under Penal Code section 17. The court also found that appellant had successfully complied with all terms of his probation, and it was ordered that "the previous grant of formal probation be modified to summary probation."

 Case law under Penal Code section 17 generally provides that, unless there is some specific statutory provision to the contrary, a court has discretion to declare that a "wobbler" offense is a misdemeanor, and such a declaration precludes its use as a prior felony conviction in a subsequent prosecution. (See *People v. Pryor* (1936) 17 Cal.App.2d 147, 152-153 [61 P.2d 773]; *People v. Banks* (1959) 53 Cal.2d 370, 383 [1 Cal.Rptr. 669, 348 P.2d 102]; *People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 358-360 [45 Cal.Rptr.2d 107] *(Perez).)*

 Under analogous circumstances in *People v. Pryor, supra,* 17 Cal.App.2d 147, when harmonizing the provisions of the Vehicle Code and

the authority of a court to reduce an offense to a misdemeanor under Penal Code section 17, the Third District recognized that "[o]ne of the effects of that section which is favorable to the defendant is that under such circumstances he may not thereafter be charged with a prior conviction of a felony." (*Pryor, supra,* 17 Cal.App.2d at p. 153.)

The Fourth District has observed in *Perez, supra,* 38 Cal.App.4th 347, "For over a century, California trial courts have had discretion under [Penal Code] section 17, subdivision (b) to determine at the time of sentencing whether such wobbler offense will be treated, i.e., punished, as a misdemeanor. [Citation.] More than 30 years ago, in response to certain problems created by the lack of authority in a wobbler case to declare the offense a misdemeanor without imposing sentence when there was a probation grant, the Legislature specifically amended [Penal Code] section 17, subdivision (b)(3) to provide such trial court discretion 'at the time of granting probation, or, on application of the defendant or probation officer thereafter.' [Citations.]" (*Id.* at pp. 355-356, fn. omitted.) Under the rationales of these cases, a court's designation of an offense as a misdemeanor under Penal Code section 17 is controlling "for all purposes" thereafter, unless the Legislature has indicated a clear intention to the contrary.

The Attorney General however contends the instant case shows just such a legislative exception to Penal Code section 17, because the 1991 offense was *originally* "punished as a felony" as former section 23175.5 requires, and the Attorney General interprets this quoted phrase as not looking to the felony/misdemeanor nature of the conviction, and instead as directed to the character of punishment.

Although the 1991 offense was initially punished as a felony, it was also later reduced to and punished as a misdemeanor in 1994. At the time appellant committed the new offense (1998), the section 23153, subdivision (b) crime for which he was on probation had been reduced to a misdemeanor. We can find no relevant exceptions in former section 23175.5 or in its legislative history to the clear statutory mandate that an offense reduced under Penal Code section 17, subdivision (b)(3), is a misdemeanor "for all purposes."

■ We are also guided by longstanding principles of statutory interpretation: "When the language of a statute is 'clear and unambiguous' and thus not reasonably susceptible of more than one meaning, " ' " 'there is no need for construction, and courts should not indulge in it.' " ' " (*People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713]; *Rodeo Sanitary Dist. v. Board of Supervisors* (1999) 71 Cal.App.4th 1443, 1452,

1454 [84 Cal.Rptr.2d 601] (*Rodeo Sanitary*).) The relevant statutory phrase used in former section 23175.5, "prior violation . . . that was punished as a felony" would suggest that only a prior felony conviction, not an offense designated as a misdemeanor conviction such as appellant's 1991 offense, might be used to enhance the new offense to felony status.[4]

Even when we resort to the legislative history to determine why the Legislature chose to use the particular phrase "punished as a felony" rather than felony "conviction," we nevertheless conclude this is a distinction without a difference. The relevant legislative history shows that the phrase "prior violation . . . that was punished as a felony" was not used by the Legislature in contemplation of circumstances such as appellant's, where the offense was originally punished as a felony but later reduced to a misdemeanor conviction.

In order to explain how we have reached our conclusion, we unfortunately must take the reader through the somewhat lengthy path traveled by Assembly Bill No. 130, the bill that ultimately became former section 23175.5. As relevant to our discussion, the first version of this bill was initiated in the 1997 session of the Legislature. It provided, "(a) If any person is convicted of a violation of Section 23152 and the offense occurred within 10 years of *a separate violation that resulted in a felony conviction and was punishable under Section 23175 or this section*, that person shall be punished by imprisonment . . . ." (Assem. Bill No. 130 (1997-1998 Reg. Sess.) as introduced Jan. 15, 1997, italics added.) As originally proposed, this legislation contemplated that only prior felony *convictions* could be used to enhance a section 23152 conviction to felony status. The concept of *punishment* served only to limit application of the statute to certain prior felonies, such as the since-repealed section 23175 (repealed by Stats. 1998, ch. 118, § 41), which allowed punishment as a felony when a person had suffered three driving under the influence convictions within seven years. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 130 (1997-1998 Reg. Sess.).)

The bill was thereafter amended to punish all prior violations that "occurred within 10 years of specified prior offenses that were either punished or punishable as felonies . . . ." (Legis. Counsel's Dig., Assem. Bill No. 130 (1997-1998 Reg. Sess.) as amended on Mar. 3, 1997.) As so amended, the statute's new language, "either punished or punishable as felonies," would seemingly have encompassed all "wobbler" offenses.

This legislation was again amended. This time, apparently intending to limit its scope or application, the amendment deleted the word "punishable,"

---

[4]Of course, if the Legislature desired to create such an exception, it could do so by amending the language of section 23550.5.

so that the statute would only pick up a "prior violation of Section 23152 *that was punished as a felony* under Section 23175 or this section, or both." (Legis. Counsel's Dig., Assem. Bill No. 130 (1997-1998 Reg. Sess.) as amended, italics in original.) As so amended, the statute would be limited to prior felony convictions under the recidivism statutes that were actually punished as felonies.

In the waning days of the session, the bill was further changed to read as it does now, limiting its scope to a "prior violation . . . that was punished as a felony." This change was intended to mean that the statute applied to "any person who is convicted of a DUI within ten years of having previously been convicted of a felony DUI . . . ." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 130 (1997-1998 Reg. Sess.) Sept. 4, 1997.) Under this version, all driving under the influence convictions would qualify, *if they were felony convictions.* At the same time, the Legislative Counsel cautioned that the bill imposed a new financial mandate on county prosecutors, by requiring them to prove "felony convictions." In response, the Legislature inserted a provision into Assembly Bill No. 130, stating that the requirement of proof of prior convictions should not be interpreted as creating such a state mandate. (Legis. Counsel's Dig., Assem. Bill No. 130 (1997-1998 Reg. Sess.) as amended.)

In short, we can find nothing in the statute or its legislative history that supports the Attorney General's suggestion that our ruling should turn on anything other than the nature of the prior conviction, whether felony or misdemeanor. The series of amendments to Assembly Bill No. 130 appear to have been predicated upon a consideration of the nature of the prior offense as a felony, rather than the intent to subject persons such as appellant, whose offense had been ultimately designated as a misdemeanor, to enhanced penalties. As we have indicated, use of the phrase "punished as a felony" came to being at the end of the legislative session following successive amendments to Assembly Bill No. 130, and after the word "punishable" was deleted from the longer phrase "punishable or punished as a felony." We view this change in language as signifying the Legislature's intent to narrow application of the statute, to differentiate between felony convictions and misdemeanor convictions, and to preclude the use of wobbler offenses that did not also result in felony convictions. (See *Perez, supra,* 38 Cal.App.4th at pp. 358-360.)

Appellant's 1991 "wobbler" conviction could have been treated as a felony or misdemeanor, and Penal Code section 17 allowed the trial court to designate it as either a felony or a misdemeanor. The trial court in 1994 answered that inquiry, by ruling that appellant's 1991 conviction must be

treated henceforth as a misdemeanor "for all purposes." (See *People v. Pryor, supra,* 17 Cal.App.2d at p. 153.)

Finally, the Attorney General argues, based upon the public policy considerations, that appellant's 1991 misdemeanor conviction should qualify as an enhancement under former section 23175.5, given "the Legislature's clear objective of punishing chronic drunk drivers to the full extent of the law." We acknowledge the strong public policy against repeat offenders of our drunk driving laws. However, in enacting former section 23175.5, our Legislature did not ignore this policy by creating a carefully balanced statute in which a "wobbler" conviction, reduced to a misdemeanor, would not qualify as an enhancement under its provisions.

By its very terms, Penal Code section 17, subdivision (b)(3) contemplates that a probationer might come before the court by way of application to seek a reduction of his felony wobbler offense to a misdemeanor. Where such a motion is granted, as it was here, the unambiguous language of Penal Code section 17 requires that the offense be treated as a misdemeanor thereafter "for all purposes," and we may not create exceptions to that rule without further legislative guidance. (See *People v. Gardeley, supra,* 14 Cal.4th at p. 621; *Rodeo Sanitary, supra,* 71 Cal.App.4th at pp. 1452-1454.)

Accordingly, we conclude appellant's 1991 violation of section 23153, subdivision (b), later designated as a misdemeanor under Penal Code section 17, subdivision (b)(3), may not be used as a prior felony conviction. We will reverse the present felony conviction and remand for redesignation of the present offense as a misdemeanor.

III. DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with instructions to vacate the finding of a felony violation, and to find appellant guilty of a misdemeanor violation of section 23152.

Jones, P. J., and Richman, J.,* concurred.

---

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.