Filed 3/15/16  P. v. Kelm CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068319 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD256541) |
| HERBERT KELM, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Respondent.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Under a plea agreement, Herbert Kelm pleaded guilty to possession of methamphetamine for sale.  (Health & Safety Code, § 11378.)  Kelm also admitted he

had suffered a prison prior under Penal Code section 667.5,[1] subdivision (b), and section 668 based on a 2011 felony conviction. Under the stipulated plea agreement, the trial court sentenced Kelm to three years in custody, and an additional four years under mandatory supervision. After the conviction in this case was final, Kelm successfully petitioned to have the 2011 felony conviction designated as a misdemeanor under Proposition 47. Thereafter, Kelm filed a postjudgment motion in this case to strike the prison prior enhancement and reduce his current sentence by one year. The trial court denied Kelm's motion and he appeals the order. Kelm asserts that section 1170.18, subdivision (k) should be applied retroactively to reduce his sentence. We affirm the order.

## BACKGROUND

In 2011, Kelm was convicted of unlawful possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). Three years later in 2014, Kelm was arrested for possession of methamphetamine for sale. In this case, Kelm pleaded guilty to a violation of Health & Safety Code section 11378. He also admitted one of three prior conviction enhancements under Health and Safety Code section 11370.2, subdivision (c), and one of two alleged prison priors under section 667.5, subdivision (b), and section 668. (The prison prior was based on the 2011 conviction.) In September 2014, under a plea agreement, the trial court sentenced Kelm to a stipulated term of seven years in local prison, consisting of a base term of three years, three years for the prior conviction enhancement, and one year for the prison prior.

---

[1] Further statutory references are to the Penal Code unless otherwise noted.

After Proposition 47 became effective in November 2014, Kelm filed a petition in his 2011 case seeking to have the felony conviction designated as a misdemeanor under section 1170.18, subdivision (f).  Kelm's petition was granted.  Kelm then filed a "Motion to dismiss prison prior because of resentencing" in this case, seeking to strike the prison prior enhancement as a result of his successful petition in the 2011 case and to reduce his sentence by one year.  The court denied Kelm's motion, finding his sentence in this case was final before the 2011 felony conviction was reduced to a misdemeanor.

DISCUSSION

Kelm asserts that because his 2011 felony conviction has now been designated a "misdemeanor for all purposes," section 1170.18 should be applied retroactively to strike the prison prior enhancement from his current sentence.[2]

A.  *Application of Proposition 47 to Prior Felony Convictions*

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).)  Prior to the enactment of Proposition 47, possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), was punishable as either a felony or a misdemeanor.  (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108

---

[2]     Kelm relied on *People v. Buycks* (2015) 241 Cal.App.4th 519, review granted Jan. 20, 2016, S231765 (*Buycks*) to support his assertion that section 1170.18, subdivision (k) should be applied retroactively to reduce his sentence.  After filing his reply brief, the California Supreme Court granted review of *Buycks* rendering it not citable as superseded by grant of review.  (Cal. Rules of Court, rule 8.1105(e)(1).)

(*Lynall*); *Rivera*, at p. 1091.) As a result of Proposition 47, possession of a controlled substance is now punishable as a misdemeanor with certain exceptions under section 667, subdivision (e)(2)(C)(iv), which are inapplicable to this case. (*Lynall*, at pp. 1108-1109.)

Proposition 47 also allows a person currently serving a felony sentence for an offense that is now a misdemeanor under Proposition 47, to request recall and resentencing in the trial court that entered the judgment of conviction in his or her case. (§ 1170.18, subd. (a); *Lynall*, *supra*, 233 Cal.App.4th at p. 1109.) Under section 1170.18, subdivision (f), a person who has completed a sentence for a felony conviction that would have been guilty of a misdemeanor had Proposition 47 been in effect at the time, may file to have the judgment designated as a misdemeanor.

Section 1170.18, subdivision (k) states that "[a]ny felony conviction that is recalled and resentenced . . . shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in her or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 or Title 4 of Part 6." Finally, under section 1170.18, subdivision (n), "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act."

The question here is one of statutory construction and interpretation that we review de novo. (*People v. Taylor* (1992) 6 Cal.App.4th 1084, 1090-1091.) "[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature." (*People v. Park* (2013) 56 Cal.4th 782, 796

4

(*Park*).)  When we interpret a statute, "our goal is ' " 'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' " ' " (*People v. Albillar* (2010) 51 Cal.4th 47, 54-55 (*Albillar*).) Proposition 47 was enacted by the electorate, so the voters' intent controls.  (*Park*, at p. 796.)  We first examine the words of the statutory language added or amended by the ballot initiative, " ' "giving them their ordinary and usual meaning and viewing them in their statutory context, because the statutory language is usually the most reliable indicator of legislative intent." ' " (*Albillar*, at p. 55.)  "If the language is ambiguous, we examine other indicators of the voters' intent, particularly the analysis and arguments contained in the official voter information guide." (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, 706 (*Valenzuela*); *People v. Briceno* (2004) 34 Cal.4th 451, 459.) " ' "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." ' " (*People v. Hendrix* (1997) 16 Cal.4th 508, 512, quoting *People v. Martin* (1995) 32 Cal.App.4th 656, 662.)

B.  *Retroactive Application of Proposition 47 to Previously Imposed Prison Enhancements*

Kelm argues that because his 2011 felony conviction is now a "misdemeanor for all purposes" pursuant to section 1170.18, subdivision (k), the prison prior enhancement in this case that was based on that 2011 conviction should be stricken from his current sentence.  (§ 1170.18 subd. (k).)

"Nothing in [section 1170.18's] language or the voter information materials for Proposition 47 indicates that this provision was intended to have . . . retroactive collateral consequences . . . .  To the contrary, as discussed, the procedures set forth in section

5

1170.18 that must be followed to obtain the resentencing and reclassification benefits of Proposition 47 indicate the electorate's intent for a specific, limited prospective application of the relief available under the new law." (*Valenzuela*, *supra*, 244 Cal.App.4th at p. 709, citing *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314; *People v. Noyan* (2014) 232 Cal.App.4th 657, 672; *Rivera*, *supra*, 233 Cal.App.4th at pp. 1099-1100.) "Section 1170.18 provides a mechanism for reducing felony conviction to misdemeanors, but contains no procedure for striking a prison prior if the felony underlying the enhancement has subsequently been reduced to a misdemeanor." (*Valenzuela*, at p. 709.) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively." (*People v. Feyrer* (2010) 48 Cal.4th 426, 439). Specifically, the language in section 1170.18, subdivision (k), "shall be considered a misdemeanor for all purposes," does not apply retroactively. (See, e.g., *Rivera*, at pp. 1089, 1096 [section 1170.18, subdivision (k) does not apply retroactively for the purpose of determining appellate jurisdiction].)

Further, the qualifying criterion for the enhancement that Kelm received under section 667.5, subdivision (b) is having served a prior prison term for a felony conviction. (§ 667.5, subd. (b) ["[T]he court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony . . . ."].) A section 667.5 enhancement is based on the defendant's status as a recidivist, not on the underlying criminal conduct. (*Valenzuela*, 244 Cal.App.4th at pp. 710-711; *People v. Gokey* (1998) 62 Cal.App.4th 932, 936 ["Sentence enhancements for prior prison terms are based on the defendant's

6

status as a recidivist, and not on the underlying criminal conduct, or the act or omission, giving rise to the current conviction."].)  Separate punishments for a felony and for a penalty enhancement are appropriate, because the punishments serve different purposes, where the enhancement deters similar future conduct.  (*People v. Walker* (2002) 29 Cal.4th 577, 583.)  When Kelm was sentenced in this case, the 2011 conviction was a felony, and having served a prison sentence for that conviction, he had recidivist status.  The latter fact is not altered by Proposition 47.

Kelm relies on *Park*, *supra*, 56 Cal.4th at pp. 787-788 to support his contention that the felony enhancement should be stricken because his 2011 conviction was retroactively reduced to a misdemeanor.  Kelm's reliance on *Park* is misplaced.  In *Park*, the appellant was convicted of a felony that was subsequently reduced to a misdemeanor under section 17, subdivision (b)(3).  (*Park*, at p. 787.)  The appellant was later convicted of attempted premeditated murder and assault with a firearm.  (*Id.* at pp. 787-788.)  "*Park* concluded that once the conviction was reduced to a misdemeanor, it could no longer serve as the basis for the enhancement:  'When the court properly exercises its discretion to reduce a wobbler to a misdemeanor, it has found that felony punishment, *and its consequences*, are not appropriate for that particular defendant.' "  (*Valenzuela*, *supra*, 244 Cal.App.4th at p. 710, quoting *Park*, at p. 801.)  The court noted, however, that "[t]here is no dispute that . . . defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor."  (*Park*, at p. 802.)  Unlike the defendant in *Park*, Kelm's 2011 conviction for drug possession was a felony at the time he was

7

sentenced in this case and properly served as the basis for a one-year enhancement under section 667.5, subdivision (b).[3]

DISPOSITION

The order is affirmed.

PRAGER, J.[*]

WE CONCUR:

HALLER, Acting P. J.

McINTYRE, J.

---

[3]   *People v. Camarillo* (2000) 84 Cal.App.4th 1386 is similarly distinguishable. Like *Park*, Camarillo's prior felony conviction was reduced to a misdemeanor *before* he was convicted of a subsequent felony, and therefore could not serve as the basis for a prison prior enhancement.  (*Id*. at p. 1389.)

[*]   Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.